UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RYAN J. BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-2281 (UNA) |
| | ) | |
| JAMES COMEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The plaintiff is in the custody of the Illinois Department of Corrections and currently is incarcerated at the Hill Correctional Center in Galesburg, Illinois. He brings this action against James Comey, Director of the Federal Bureau of Investigation. Generally, the plaintiff claims that officials of the Illinois Department of Corrections, the Pontiac Correctional Center (his former place of incarceration), and the corrections officers' union have created and continue to "tolerate[] a culture of pervasive corruption[.]" Compl. at 8 (page numbers designated by ECF). According to the plaintiff, these officials lack the means "to enact meaningful reforms." *Id.* at 9. Among other relief, *see id.* at 10, the plaintiff asks that Director Comey obtain "authorization . . . to initiate an investigation into corrupt and criminal and civil rights violations," *id.* at 9.

Insofar as the plaintiff demands an FBI investigation of corruption, he is seeking mandamus relief. "To be entitled to mandamus relief: (1) the plaintiff must have a clear right to relief; (2) the defendant must have a clear duty to act; and (3) there must be no other adequate remedy available to the plaintiff." *Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80

(D.D.C. 2010) (citing *Council of and for the Blind of Del. Cnty. Valley, Inc. v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc) (additional citation omitted). The plaintiff does not address these factors in his complaint, and does not otherwise demonstrate that his right to a writ of mandamus is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citations omitted). Furthermore, the decision to initiate an investigation is left to the defendant's discretion, and this Court cannot compel the defendant to act. *See, e.g., Cobble v. Doe*, No. CV 14-455, 2014 WL 1284625, at *1 (D.D.C. Mar. 20, 2014), *aff'd*, 598 F. App'x 1 (D.C. Cir. 2015); *Wightman-Cervantes*, 750 F. Supp. 2d at 81; *Whittle v. Moschella*, 756 F. Supp. 589, 597 (D.D.C. 1991).

The Court will grant the plaintiff's application to proceed *in forma pauperis* and dismiss the complaint for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(b)(1).[1] An Order accompanies this Memorandum Opinion.

DATE: 1/27/207

BERYL A. HOWELL
Chief Judge

---

[1] The Court finds that the plaintiff already has accrued two "strikes," *see Barnes v. Nurse Gloria*, No. 2:16-cv-2008 (C.D. Ill. Apr. 12, 2016) (dismissing complaint for failure to state a claim under 28 U.S.C. § 1915A and assessing second "strike"); *Barnes v. Godinez*, No. 1:14-cv-1360 (C.D. Ill. Nov. 18, 2014) (dismissing complaint for failure to state a claim under 28 U.S.C. § 1915A and assessing one "strike"), and dismissal of this civil action is the plaintiff's third "strike," such that he will be barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).